CRAIG M. RANKIN (SBN 169844)
DANIEL H. REISS (SBN 150573)
KRIKOR J. MESHEFEJIAN (SBN 255030)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Chapter 11 Petitioning Creditors (as defined on pg. 2)

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

In re:

LBREP/L-SunCal McAllister Ranch, LLC,

    Debtor and Debtor in Possession.

Case No. 8:08-bk-15637-ES

Chapter 11

**PETITIONING CREDITORS' EX PARTE MOTION FOR AN ORDER SETTING A HEARING ON SHORTENED NOTICE ON MOTION TO APPOINT INTERIM CHAPTER 11 TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL H. REISS**

[NO HEARING REQUIRED]

1

# **TABLE OF CONTENTS**

2

3

4

MEMORANDUM OF POINTS AND AUTHORITIES ...................................... 2

5

I.     STATEMENT OF FACTS ................................................................2

6

      A.   Background ...........................................................................2

7

              1.   The Relationship between the Debtors and LCPI ......................5

8

              2.   Creditor interests need to be protected ...................................7

9

10

              3.   Assets need to be preserved for the Developments and
                    For the benefit of the Debtors and their creditors .....................8

11

12

13

              4.   The Debtors are not able to fulfill their fiduciary duties
                    To creditors and interest holders that are not related to
                    Lehman Brothers entities due to irreconcilable conflicts
                    Of interest ............................................................... 8

14

15

              5.   Appointment of a chapter 11 trustee is in the best
                    Interests of the estates and creditors ....................................9

16

II.    DISCUSSION ............................................................................ 10

17

      A.   Grounds for Granting the Ex Parte Motion .....................................10

18

              1.   The nature of the request ..................................................10

19

              2.   The name of counsel for possible opposing parties ...................11

20

21

              3.   The reason for seeking a hearing on shortened time ...............  11

22

              4.   Declaration that justifies the setting of a hearing on
                    Shortened notice and supports the granting of the
                    Underlying motion .......................................................12

23

24

III.   CONCLUSION ............................................................................12

25

DECLARATION OF DANIEL H. REISS .......................................................13

26

27

28

1

# **TABLE OF AUTHORITIES**

2

3 <u>Cases</u>

4 ***In re Cochise College Park, Inc.,***
5       703 F.2d 1339, 1357 (9th Cir. 1983) ……………………………………………9

6 ***Commodity Futures Trading Commission v. Weintraub,***
7       471 U.S. 343, 355, 105 S.Ct. 1986, 1994, 85 L.Ed.2d 372 (1985) ………………9

8

9 <u>Statutes</u>

10 11 U.S.C. § 303(b)(1) ……………………………………………………… 2
11 U.S.C. § 303(b)(2) ………………………………………………………2
11 11 U.S.C. § 362 ………………………………………………………… 3
12 11 U.S.C. § 362(d) ………………………………………………………3, 4
11 U.S.C. § 1104(a)(1) …………………………………………………9
13 11 U.S.C. § 1104(a)(2) ………………………………………………… 9

14 Rule 4001, Rules of Bankruptcy Procedure…………………………………… 3
15 Rule 9014, Rules of Bankruptcy Procedure ………………………………… 3

16 Local Bankruptcy Rule 9075-1(b) ………………………………………… 2, 10

17

18

19

20

21

22

23

24

25

26

27

28

1    John D. Scripter dba Masonry Plus, Klassen Corporation and Landscape

2  Development, Inc. (the "Petitioning Creditors")[1] hereby move on an ex parte basis (the "Ex

3  Parte Motion") for an order setting a hearing on shortened notice on the Petitioning Creditors'

4  motion to appoint an interim chapter 11 trustee in the involuntary chapter 11 bankruptcy case

5
   (the "Interim Trustee Motion") filed against the above-captioned debtor (the "Debtor").[2]
6

7    Pursuant to Local Bankruptcy Rule 9075-1(b), "good cause" exists to grant the Ex

8  Parte Motion, as demonstrated in the memorandum of points and authorities included herein

9  and the declaration of Daniel H. Reiss submitted in support thereof.[3]

10                **MEMORANDUM OF POINTS AND AUTHORITIES**

11  **I.    STATEMENT OF FACTS**

12      **A.    Background.**

13
        On September 10, 2008, Gramercy Warehouse Funding I, LLC (as previously defined
14
   in footnote 1, "Gramercy") filed an involuntary petition against LBREP/L-SunCal Master I,
15
   LLC ("LBREP Holding") under 11 U.S.C. § 303(b)(2).  On September 11, 2008, Gramercy
16
   and the Petitioning Creditors filed involuntary petitions against LBREP/L-SunCal McSweeny
17
   Farms, LLC ("McSweeny"), LBREP/L-SunCal McAllister Ranch, LLC ("McAllister"), and
18
   LBREP/L-SunCal Summerwind Ranch, LLC ("Summerwind" and together with LBREP
19
   Holding, McSweeny and McAllister, the "Debtors") under 11 U.S.C. § 303(b)(1).[4]
20

21

22

23  [1] Although Gramercy Warehouse Funding I, LLC ("Gramercy") is a party to the involuntary
    bankruptcy petition commencing this involuntary bankruptcy case, Gramercy is not a
24  movant to the Ex Parte Motion.
    [2] The Ex Parte Motion is one of four such motions.  Three separate such motions have been
25  filed in the bankruptcy cases of LBREP/L-SunCal McSweeny Farms, LLC, LBREP/L-
    SunCal McAllister Ranch, LLC and LBREP/L-SunCal Summerwind Ranch, LLC.  All four
26  motions are virtually identical in form and substance.
    [3] The Interim Trustee Motion is annexed hereto as Exhibit "1".
27  [4] Gramercy is a creditor which filed an involuntary petition against LBREP Holding,
28  McSweeny, McAllister and Summerwind; McSweeny petitioners also include Pacific Soils
    Engineering, Inc., Southwestern Equipment LLC and Weston/Mason Marketing; McAllister

On October 2 and 3, 2008, Lehman Commercial Paper Inc. ("LCPI") filed the motions for relief from stay against the above-referenced Debtors (the "Relief from Stay Motions"). LCPI serves as the administrative agent of the financial institutions which are parties to the First Lien Credit Agreement[5] (the "First Lien Lenders"). Lehman Brothers, Inc. ("LBI") is a party to the First Lien Credit Agreement with the First Lien Lenders and is designated as the "arranger". Lehman Brothers entities[6] historically have been and continue to be in firm control of the Debtors as well as a substantial amount of the Debtors' secured debt, as described below.

SCC Acquisitions, Inc. ("SunCal Companies") specialize in the development of large scale master-planned mixed-use communities. SunCal Companies is a 15% indirect equity owner in LBREP Holding, which was established for the purpose of funding large scale developments in Southern California commonly known as "McSweeny Farms", "McAllister Ranch" and "Summerwind Ranch" (together, the "Developments").[7] LBREP Holding wholly

---

petitioners also include John D. Scripter dba Masonry Plus, Klassen Corporation and Landscape Development, Inc. (the Petitioning Creditors); and Summerwind petitioners also include Pacific Advanced Civil Engineering, Inc., Pacific Soils Engineering, Inc. and Van Dyke Landscape Architect.

[5] See the "Memorandum of Points and Authorities in Support of Motion of Lehman Commercial Paper Inc. as First Lien Administrative Agent for the First Lien Lenders, for Entry of An Order Pursuant to Section 362(d) of the Bankruptcy Code and Rules 4001 And 9014 of the Bankruptcy Rules Granting the First Lien Lenders Relief from the Automatic Stay to Foreclose on Their Secured Collateral" (the "Relief From Stay Memorandum"), attached as Exhibit "B" to the concurrently filed Request for Judicial Notice. Note also that the "Notice of Motion and Motion for Relief from the Automatic Stay under 11 U.S.C. § 362" filed by LCPI is attached as Exhibit "A" to the concurrently filed Request for Judicial Notice. **To the extent possible, and unless otherwise defined herein, the capitalized terms herein shall have the same meaning as in the Relief from Stay Memorandum. Nothing herein shall be construed as an admission as to the accuracy of the statements of LCPI, but are submitted solely for purposes of the Ex Parte Motion.**

[6] The term "Lehman Brothers entities" does not refer specifically and solely to LBI or LCPI.

[7] For purposes of simplicity, mention of the development wholly owned by nondebtor LBREP/L-SunCal Patterson Ranch, LLC has been excluded from the discussion in this pleading, although for reference, it has been included in Table 1.

owns the three limited liability companies (the "LLCs") that, in turn, own the Developments. Debtors McSweeny, McAllister and Summerwind each own the Development with the corresponding name, i.e., McSweeny owns McSweeny Farms.

Prior to the filing of the involuntary petitions, LBREP Holding borrowed funds pursuant to three pre-petition secured financing facilities.   These financing facilities are generally described in the "Memorandum of Points and Authorities in Support of Motion of Lehman Commercial Paper Inc. as First Lien Administrative Agent for the First Lien Lenders, for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Bankruptcy Rules Granting the First Lien Lenders Relief from the Automatic Stay to Foreclose on Their Secured Collateral" (as previously defined in footnote 5, the "Relief from Stay Memorandum"), filed with this Court on or about October 2, 2008, and the related documents annexed thereto and filed with this Court in connection therewith.

Pursuant to the First Lien Credit Agreement, LBREP Holding is allegedly indebted (and by guarantees, the remaining Debtors are allegedly indebted) to the First Lien Lenders in the maximum principal amount of $235 million.  LCPI is the administrative agent for the First Lien Lenders.  Pursuant to a Second Lien Creditor Agreement, LBREP Holding is allegedly indebted (and by guarantees, the remaining Debtors are allegedly indebted) to the Second Lien Lenders in an amount of $85 million.  Pursuant to a Third Lien Creditor Agreement, LBREP Holding is allegedly indebted (and by guarantees, the remaining Debtors are allegedly indebted) to the Third Lien Lenders in an amount of $85 million.   All of the foregoing indebtedness is purported to be secured by the real property related to the Developments and certain of the Debtors' personal property.

Due to alleged defaults under the First Lien Credit Agreement, LCPI commenced foreclosure proceedings.  LCPI filed and gave notice of these defaults to the Debtors on April

14, 2008, and subsequently scheduled foreclosure sales for August 22, 2008 on the Debtors' real property. As discussed more fully below, these foreclosure sales were postponed to September 12, 2008.

On information and belief (and as provided in the Relief from Stay Motions) LBREP Holding currently has approximately $18 million of cash that was set aside in a segregated account (the "Development Account") for the purpose of completing the Developments (the "Development Funds"). In addition to the Development Funds currently held by LBREP Holding and as described further below, a fraudulent conveyance complaint is currently pending against LBREP Holding, among other parties, to recover $144 million that is alleged to have been diverted from LBREP Holding to Lehman Brothers entities (the "Fraudulent Conveyance Complaint").[8]

### 1.    The Relationship between the Debtors and LCPI.

A close relationship exists between LCPI as agent for the First Lien Lenders and the Debtors. The names of all of the Debtors contain "LBREP". "LBREP" is an acronym for Lehman Brothers Real Estate Partnership, LP ("LB Real Estate"), the 85% indirect owner of LBREP Holding. The relationships and ownership structures of these entities and parcels are, on information and belief, as follows: [9]

[See next page]

---

[8] A true copy of the Fraudulent Conveyance Complaint is annexed as Exhibit "C" to the concurrently filed Request for Judicial Notice.

5

**Table 1:**



As shown by the foregoing, SunCal Companies only owns 15% of LBREP Holding (and through LBREP Holding, the Debtor). Consequently, there is no question that Lehman Brothers entities are firmly in control of the Debtor.

Lehman Brothers entities historically have been and are also in control of a substantial amount of the Debtor's secured debt. As explained in the Relief from Stay Motions, LBI was a party to the First Lien Credit Agreement as the "arranger"; LCPI is the first lien administrative agent for the First Lien Lenders; and LCPI was, through February 14, 2008,

---

[9] See the Fraudulent Conveyance Complaint, annexed as Exhibit "C" to the concurrently filed

1  administrative agent under the Second and Third Lien Credit Agreements.[10]  Consequently,

2  LCPI is now seeking to foreclose against any entity that is owned and controlled by Lehman

3  Brothers entities.

4      LCPI recently released $102,000 from the Development Account to fund bankruptcy

5  counsel for these involuntary bankruptcy cases.[11]  The Relief from Stay Motions were filed

6  after payment of the retainer.  According to LCPI, after retaining counsel from monies

7  advanced by LCPI, the Debtors informed LCPI that they will not oppose the Relief from Stay

8  Motions.[12]  Counsel for the Petitioning Creditors has requested that the Debtors take action to

9  oppose the Relief from Stay Motions.[13]  The Debtors have not yet informed the Petitioning

10 Creditors of their intention in this regard.  It is hard to understand the purpose of paying

11 retainers if the Debtors intend to simply allow the First Lien Lenders to take all of the

12 Debtors' assets through foreclosure.

13
14

15          **2.        Creditor interests need to be protected.**

16     There are substantial creditor interests to protect outside of LCPI and other Lehman

17 Brothers entities' interests.  Due to the large scale of the Developments, hundreds of

18 construction and trade creditors worked on the Developments and rendered goods and

19 services in good faith with the expectation of being paid for those goods and services.

20 Moreover, there is over $150 million of debt owed to the Second and Third Lien Lenders.

21
22

23 _____

   Request for Judicial Notice.

24 [10] See the Relief from Stay Memorandum, pg. 4, n.5.

   [11] See Letter dated September 30, 2008 from LCPI to Gramercy, annexed hereto as Exhibit

25 "A" to the Interim Trustee Motion.

   [12] See the Relief from Stay Memorandum, pg. 3 , n. 4.

26 [13] See Letter dated October 7, 2008, from Daniel Reiss to Scott Clarkson and Paul Couchot,

27 annexed hereto as Exhibit "B" to the Interim Trustee Motion.  Mr. Clarkson informed Mr.
   Reiss that he will be representing all four of the Debtors, and that Mr. Couchot has not been

28 retained as counsel to any of the Debtors. See Letter dated October 8, 2008, from Scott
   Clarkson to Daniel Reiss, annexed hereto as Exhibit "C" to the Interim Trustee Motion.

3.    **Assets need to be preserved for the Developments and for the benefit of the Debtors and their creditors.**

Gramercy determined that LBREP Holding transferred approximately $144 million to a number of Lehman Brothers entities and SunCal affiliates, which funds were originally raised through borrowings to ostensibly finance the Developments.  On September 9, 2008, Gramercy filed a complaint under common law and the California Uniform Fraudulent Transfer Act for the purpose of recovering these substantial – and Gramercy has argued, fraudulent – transfers (as previously defined, the "Fraudulent Conveyance Complaint").[14] Although amounts recovered via the Fraudulent Conveyance Complaint would go to the LBREP Holding bankruptcy estate (assuming an order for relief will be entered in that involuntary case), the Petitioning Creditors will propose that such funds be used as originally intended – for the continued construction and completion of the Developments, and the benefit of all creditors and stakeholders.  Further, the Debtors should not lose the benefit of the Development Account funds currently on hand. The Development Account is still sufficient to provide a substantial amount of funding for the Developments pending obtaining additional external funding.

4.    **The Debtors are not able to fulfill their fiduciary duties to creditors and interest holders that are not related to Lehman Brothers entities due to irreconcilable conflicts of interest.**

The conflicts of interest that are readily apparent and are causing the Debtors' alleged acquiescence in the Relief from Stay Motions demonstrate that the Debtors are unable to fulfill their duties to creditors as well as interest holders that are not related to Lehman

---

[14] See the Fraudulent Conveyance Complaint, annexed as Exhibit "C" to the concurrently filed Request for Judicial Notice.

1   Brothers entities.  Therefore, grounds exist to appoint an interim trustee under 11 U.S.C. §

2   1104(a)(1). In In re Cochise College Park, Inc., 703 F.2d 1339, 1357 (9th Cir. 1983), the Ninth

3   Circuit stated that: "A bankruptcy or reorganization trustee is a fiduciary of each creditor of

4   the estate." Of course, the debtor in possession has the same fiduciary responsibilities as a

5   trustee. Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343, 355, 105 S.Ct.

6   1986, 1994, 85 L.Ed.2d 372 (1985).  Lehman Brothers entities control both the Debtors and

7   

8   the foreclosing lenders – clearly a conflict.

9           **5.      Appointment of a chapter 11 trustee is in the best interests of the**

10          **estates and creditors.**

11          The following factors demonstrate that appointment of a chapter 11 trustee is in the

12  best interests of the estates under Section 1104(a)(2):

13

14          1.   Irreconcilable conflicts of interest exist between the owners of the Debtors and

15  their lenders based on the web of relationships between Lehman Brothers entities.  Due to the

16  foregoing conflicts of interest, the Debtors' management must be replaced by an independent

17  third party for the purpose of administering all assets, reviewing and defending against all

18  claims against the estate, and to consider all feasible alternatives with respect to a

19  reorganization of the Debtors.

20          2.      The Debtors have no ability, and have allegedly refused to maintain, protect

21  and preserve corporate assets against the enforcement actions that have been and are being

22  taken by LCPI.

23

24          3.      There is apparently no intention of the Debtors to seek funding or a workout to

25  continue construction and complete the Developments.

26          4.      An objective and disinterested third-party should investigate all pre-petition

27  transfers of the hundreds of millions of dollars raised pre-petition through equity and debt

28

9

1  financing, including the Fraudulent Conveyance Complaint already brought by Gramercy,

2  now pending in state court.

3      5.    A foreclosure by the First Lien Lenders will destroy any value of the

4  unencumbered assets that is available to creditors other than the First Lien Lenders.  An

5  interim trustee as a fiduciary for all creditors is necessary to preserve any unencumbered

6

7  value in the Debtors.  In addition, as established by LCPI's appraisals, there is substantial

8  potential upside if the Developments are further developed.  An interim trustee should be

9  appointed to take the appropriate action required of a fiduciary to realize on this value for all

10  creditors.

11  **II.    DISCUSSION**

12      Pursuant to L.B.R. 9075-1(b), a hearing may be set on shortened notice for good cause

13

14  shown.  In order to show that cause exists, the moving party must file a memorandum of

15  points and authorities stating the following: (1) the nature of the request; (2) the name of

16  counsel for the opposing party; and (3) the reasons for seeking a hearing on shortened time.

17  The motion must be accompanied by a declaration that (1) justifies the setting of a hearing on

18  shortened time, and (2) supports the granting of the underlying motion.  All of the foregoing

19  requirements are satisfied in this case:

20      **A.    Grounds For Granting The Ex Parte Motion.**

21

22      **1.    The nature of the request.**

23      The Petitioning Creditors seek to set a hearing on shortened notice on the Interim

24  Trustee Motion.  It is essential that the Interim Trustee Motion be heard no later than October

25  28, 2008 at 9:30 a.m. – the hearing date and time for the Relief from Stay Motions.  If the

26  Relief from Stay Motions are granted, the value of the Debtors' assets will be consumed by

27  the First Lien Lenders at the expense of all other creditors.  Appointment of an independent

28

10

fiduciary at the earliest possible date is essential to address the aggressive enforcement actions sought to be taken by LCPI.

Alternatively, if the Court does not appoint a trustee, because the Petitioning Creditors are unaware as to whether the Debtors are going to contest the involuntary petitions, there should not be hearings on the Relief from Stay Motions until the Court determines whether orders for relief will be entered in the involuntary cases. If orders for relief are entered, the Debtors should be given an opportunity to respond to the Relief from Stay Motions. Although the Petitioning Creditors believe it is highly unlikely that pending an order for relief the Debtors will take any action to oppose the Relief from Stay Motions, if an interim trustee is not appointed there would appear to be no other representative of the estate to carry out these duties to creditors of the Debtors' estates.

**2.      The name of counsel for possible opposing parties.**

David R. Zaro
Allen Matkins Leck Gamble Mallory & Natsis LLP
*Counsel for LCPI*

George A. Davis
Andrew M. Troop
Cadwalader, Wickersham & Taft LLP
*Counsel for LCPI*

Scott C. Clarkson
Clarkson, Gore & Marsella, APLC
*Counsel for Debtors*

**3.      The reason for seeking a hearing on shortened time.**

An independent fiduciary should be responding to the Relief from Stay Motions which are currently set for hearing on October 28, 2008 at 9:30 a.m. As discussed supra and more thoroughly in the Interim Trustee Motion, the Debtors are controlled by Lehman Brothers entities, which include LCPI, resulting in an irreconcilable conflict of interest that incapacitates the Debtors from being able to effectively and fairly respond to the Relief from

1   Stay Motions.  The sooner a chapter 11 trustee is appointed, the sooner the conflicts among

2   the Debtors and Lehman Brothers entities will be eliminated as a practical matter.

3      A foreclosure by the First Lien Lenders will destroy any value of the unencumbered

4   assets that is available to creditors other than the First Lien Lenders.  An interim trustee as a

5   fiduciary for all creditors is necessary to preserve any unencumbered value in the Debtors.  In

6   addition, as established by LCPI's appraisals submitted with the Motions for Relief from Stay,

7   there is substantial potential upside if the Developments are further developed.  An interim

8   trustee should be appointed to take the appropriate action required of a fiduciary to realize on

9

10  the value present in the Debtors' assets.  The Debtors and creditors currently lack an objective

11  fiduciary to preserve and protect their economic interests.

12          **4.      Declaration that justifies the setting of a hearing on shortened

13          notice and supports the granting of the underlying motion.**

14

15      The Petitioning Creditors submit the declaration of Daniel H. Reiss annexed herein

16  which justifies granting the Ex Parte Motion and supports the granting of the underlying

17  Interim Trustee Motion.

18              **III.    CONCLUSION**

19      For the reasons set forth above, the Petitioning Creditors respectfully request that the

20  Court enter an order: (1) granting the Ex Parte Motion in its entirety; (2) setting a hearing on

21  the Interim Trustee Motion as soon as practicable for the Court; (3) setting other dates and

22  deadlines as set forth herein; and (4) granting such other and further relief as the Court deems

23

24  just and proper.

25  October 15, 2008          By:  _____
                                       CRAIG M. RANKIN
26                                     DANIEL H. REISS
27                                     KRIKOR J. MESHEFEJIAN
                                       LEVENE, NEALE, BENDER, RANKIN
28                                     & BRILL L.L.P.

12

1

## DECLARATION OF DANIEL H. REISS

2

I, Daniel H. Reiss, declare and state as follows:

3
4
5
6
7
8

1.      I am an attorney at Levene, Neale, Bender, Rankin & Brill L.L.P.  Unless indicated otherwise, the statements made herein are based on my personal knowledge and my review and familiarity with the papers, pleadings and documents related to the above-captioned involuntary chapter 11 case.  If called upon, I could and would competently testify to their truth.

9
10
11
12
13
14
15
16

2.      On October 2 and 3, 2008, Lehman Commercial Paper Inc. ("LCPI"), filed motions for relief from stay (the "Relief from Stay Motions")  and memoranda in support of the Relief from Stay Motions (the "Relief from Stay Memoranda")in the LBREP/L-SunCal Master I, LLC ("LBREP Holding"), LBREP/L-SunCal McSweeny Farms, LLC ("McSweeny"), LBREP/L-SunCal McAllister Ranch, LLC ("McAllister"), and LBREP/L-SunCal Summerwind Ranch, LCC ("Summerwind", and collectively, the "Debtors") involuntary bankruptcy cases.

17
18
19
20
21
22

3.      The Relief from Stay Motions are scheduled for hearing on October 28, 2008 at 9:30 a.m. LCPI has indicated in the Relief from Stay Memoranda that the Debtors will not oppose LCPI's efforts to lift the automatic stay and commence foreclosure proceedings on the Debtors' assets, including unencumbered property such as entitlements and licenses – property which may be used for the benefit of all creditors.

23
24
25
26
27

4.      The Complaint for Avoidance of Fraudulent Transfers Under Uniform Fraudulent Transfer Act (Civil Code § 3439.04) and Common Law (the "Complaint") in the Superior Court of the State of California, County of Los Angeles (Case No. BC397750), filed by Gramercy Warehouse Funding I, LLC ("Gramercy"), is currently

28

1   pending against LBREP Holding, among other parties, to recover $144 million that is

2   alleged to have been diverted from LBREP Holding to Lehman entities.

3        5.     An independent fiduciary is needed to analyze the pertinent facts of these

4   cases, determine whether to oppose the Relief from Stay Motions and evaluate the

5   prospects of a reorganization of the Debtors.

6

7       Executed this 15th day of October, 2008 in Los Angeles, California.

8                                    */s/ Daniel H. Reiss*
                                     DANIEL H. REISS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

1   CRAIG M. RANKIN (SBN 169844)
    DANIEL H. REISS (SBN 150573)
2   KRIKOR J. MESHEFEJIAN (SBN 255030)
    LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
3   10250 Constellation Blvd., Suite 1700
    Los Angeles, California 90067
4   Telephone: (310) 229-1234
    Facsimile: (310) 229-1244
5
6   Attorneys for Chapter 11 Petitioning Creditors (as defined on pg. 2)

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          SANTA ANA DIVISION

11
    In re:                               )   Case No. 8:08-bk-15637-ES
12                                        )
    LBREP/L-SunCal McAllister Ranch, LLC, )   Chapter 11
13                                        )
14       Debtor and Debtor in Possession. )   **MOTION TO APPOINT INTERIM**
                                          )   **CHAPTER 11 TRUSTEE;**
15                                        )   **MEMORANDUM OF POINTS AND**
                                          )   **AUTHORITIES; DECLARATION OF**
16                                        )   **DANIEL H. REISS IN SUPPORT**
                                          )   **THEREOF**
17                                        )
18                                        )   [EX PARTE MOTION FOR ORDER
                                          )   SETTING HEARING ON SHORTENED
19                                        )   NOTICE CONCURRENTLY FILED
                                          )   HEREWITH]
20                                        )
21                                        )   Date: [TO BE SET BY THE COURT]
                                          )   Time:
22                                        )   Place:
                                          )
23                                        )
                                          )
24                                        )
                                          )
25                                        )
                                          )
26                                        )

27

28

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 3

I.    INTRODUCTION ................................................................................ 3

II.   STATEMENT OF FACTS ....................................................................4

      A.    Background ............................................................................. 4

            1.    The relationship between the Debtors and LCPI......................... 7

            2.    Creditor interests need to be protected ................................. .9

            3.    Assets need to be preserved for the Developments and
                  for the benefit of the Debtors and their creditors ...................... 10

            4.    Lengthy business plan negotiations were undertaken
                  prior to filing the involuntary bankruptcy petitions................... 12

            5.    Due to the benefits of the automatic stay, the
                  bankruptcy cases will provide the appropriate
                  framework for an interim chapter 11 trustee to reach
                  consensus with creditors on a business plan going
                  forward ................................................................... 13

            6.    The appraisals submitted show that there is
                  substantial value in the properties held by the Debtors ...............13

III.  AN INTERIM CHAPTER 11 TRUSTEE SHOULD BE APPOINTED
      IN THIS CASE .....................................................................................15

      A.    The Debtor Is Not Able To Fulfill Its Fiduciary Duty To
            Creditors Due To Irreconcilable Conflicts Of Interest .........................15

      B.    Appointment Of A Chapter 11 Trustee Is In The Best Interests
            Of The Estate And Creditors ....................................................16

IV.   CONCLUSION ................................................................................ 17

DECLARATION OF DANIEL H. REISS ..........................................................18

i

# TABLE OF AUTHORITIES

Cases

***Cochise College Park, Inc.***,
    703 F.2d 1339, 1357 (9th Cir. 1983) ...................................................16

***Commodity Futures Trading Commission v. Weintraub***,
    471 U.S. 343, 355, 105 S.Ct. 1986, 1994, 85 L.Ed.2d 372 (1985)..................... 16

Statutes

11 U.S.C. § 303(b)(1) ............................................................................. 4
11 U.S.C. § 303(b)(2) ............................................................................. 4
11 U.S.C. § 1104 ..............................................................................4, 16, 17
11 U.S.C. § 1104(a) ..................................................................................2
11 U.S.C. § 1104(a)(1) .......................................................................15, 16
11 U.S.C. § 1104(a)(2) ............................................................................ 15
11 U.S.C. § 1104(a)(3)............................................................................ 15
11 U.S.C. § 1112 ................................................................................... 15

Local Bankruptcy Rule 9075-1(b) ............................................................... 2

1  John D. Scripter dba Masonry Plus, Klassen Corporation and Landscape

2  Development, Inc. (the "Petitioning Creditors")[1] hereby move, on shortened notice pursuant

3  to Local Bankruptcy Rule 9075-1(b) as provided in the concurrently filed ex parte motion for

4  an order setting hearing on shortened notice (the "Ex Parte Motion"), for the appointment of

5
6  an interim chapter 11 trustee (the "Interim Trustee Motion") in the above-referenced

7  bankruptcy case pursuant to 11 U.S.C. § 1104(a). As set forth in the Ex Parte Motion, a

8  hearing is currently scheduled in this case on October 28, 2008 at 9:30 a.m. with respect to the

9  "Notice of Motion and Motion For Relief From the Automatic Stay Under 11 U.S.C. § 362"

10 (the "Relief from Stay Motion") filed by Lehman Commercial Paper Inc. ("LCPI").

11 Therefore, the Petitioning Creditors are requesting that the Interim Trustee Motion be heard at

12 the same date and time as LCPI's Relief from Stay Motion.

13
14      The Interim Trustee Motion is based on the annexed Memorandum of Points which is

15 incorporated hereat, the annexed declaration of Daniel H. Reiss and such other further

16 evidence presented in support of the Interim Trustee Motion.

17      **WHEREFORE**, the Petitioning Creditors respectfully request that the Court enter an

18 order appointing an interim chapter 11 trustee in this case and granting such other and further

19 relief as the Court deems just and proper.

20 Dated: October 1, 2008                LEVENE, NEALE, BENDER, RANKIN
21                                       & BRILL L.L.P.

22

23                              By:_____
                                    CRAIG M. RANKIN
24                                  DANIEL H. REISS
                                    KRIKOR J. MESHEFEJIAN
25                                  Attorneys for Petitioning Creditors

26

27 ---

[1] Although Gramercy Warehouse Funding I, LLC ("Gramercy") is a party to the involuntary
28 bankruptcy petition commencing this involuntary bankruptcy case, Gramercy is not a
movant with respect to the Interim Trustee Motion.

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

John D. Scripter dba Masonry Plus, Klassen Corporation and Landscape

3

Development, Inc. (the "Petitioning Creditors")[2] hereby submit this Memorandum of Points

4

5

and Authorities in support of the motion to appoint an interim chapter 11 trustee (the "Interim

6

Trustee Motion").

7

## I.    **INTRODUCTION**

8

As described in detail below, a "Motion For Relief From the Automatic Stay Under 11

9

U.S.C. § 362" (the "Relief from Stay Motion") was filed in this case by Lehman Commercial

10

Paper Inc. ("LCPI") on behalf of senior secured lenders who seek to foreclose on the valuable

11

12

real property of the above-captioned involuntary chapter 11 debtor (the "Debtor"). If the

13

Relief from Stay Motion is granted and senior secured lenders foreclose on the Debtor's real

14

property, the entire current and substantial future value of the Debtor's assets will be

15

monopolized by the senior secured lenders while all junior creditors will be irreparably

16

harmed.  Concurrently herewith, the Petitioning Creditors have filed an opposition to the

17

Relief from Stay Motion.

18

Because no order for relief has been entered in this case and LCPI alleges that the

19

20

Debtor will not oppose the Relief from Stay Motion, there is currently no fiduciary for the

21

Debtor's estate or its creditors that can or will meaningfully respond to the Relief from Stay

22

Motion. By this Motion, the Petitioning Creditors move this Court to appoint an independent

23

third party trustee with well-established fiduciary duties so that such trustee can undertake the

24

proper analysis and investigation and respond to the Relief from Stay Motion.  An interim

25

26

27

28

---

[2] Although Gramercy Warehouse Funding I, LLC ("Gramercy") is a party to the involuntary bankruptcy petition commencing this involuntary bankruptcy case, Gramercy is not a movant with respect to the Interim Trustee Motion.

1  trustee will be in the best position to objectively evaluate all of the Debtor's assets, liabilities

2  and options for a successful reorganization of this case.

3      As shown below, the Debtor's irreconcilable conflicts of interest, the potential

4  irreparable harm to junior creditors and other circumstances strongly demonstrate that cause

5  exists to appoint an interim chapter 11 trustee under 11 U.S.C. § 1104.

6

7  **II.    STATEMENT OF FACTS**

8      **A.    Background.**

9      On September 10, 2008, an involuntary petition was filed against LBREP/L-SunCal

10 Master I, LLC ("LBREP Holding") by Gramercy Warehouse Funding I, LLC (as previously

11 defined in footnote 2, "Gramercy") under 11 U.S.C. § 303(b)(2).  On September 11, 2008,

12 involuntary petitions were filed by Gramercy and the Petitioning Creditors against LBREP/L-

13
   SunCal McSweeny Farms, LLC ("McSweeny"), LBREP/L-SunCal McAllister Ranch, LLC
14
   ("McAllister") and LBREP/L-SunCal Summerwind Ranch, LLC ("Summerwind" and
15
16 together with LBREP Holding, McSweeny, and McAllister, the "Debtors") under 11 U.S.C. §

17 303(b)(1).[3]

18     SCC Acquisitions, Inc. ("SunCal Companies") specialize in the development of large

19 scale master-planned mixed-use communities.  SunCal Companies is a 15% indirect equity

20 owner in LBREP Holding, which was established for the purpose of funding large scale

21
22 developments in Southern California commonly known as "McSweeny Farms", "McAllister

23

24

25 [3] Gramercy is a creditor which filed an involuntary petition against LBREP Holding,
   McSweeny, McAllister and Summerwind; McSweeny petitioners also include Pacific Soils
26 Engineering, Inc., Southwestern Equipment LLC and Weston/Mason Marketing; McAllister
   petitioners also include John D. Scripter dba Masonry Plus, Klassen Corporation and
27 Landscape Development, Inc.(the Petitioning Creditors); and Summerwind petitioners also
   include Pacific Advanced Civil Engineering, Inc., Pacific Soils Engineering, Inc. and Van
28 Dyke Landscape Architect.

Ranch" and "Summerwind Ranch" (together, the "Developments").[4] LBREP Holding wholly owns the three limited liability companies (the "LLCs") that, in turn, own the Developments. Debtors McSweeny, McAllister and Summerwind each own the Development with the corresponding name, i.e., McSweeny owns McSweeny Farms.

The Petitioning Creditors are informed that LBREP Holding currently has approximately $18 million of cash that was set aside in a segregated account (the "Development Account") for the purpose of completing the Developments (the "Development Funds"). In addition to the Development Funds currently held by LBREP Holding and as described further below, a fraudulent conveyance complaint is currently pending against LBREP Holding, among other parties, to recover $144 million that is alleged to have been diverted from LBREP Holding to affiliated entities (the "Fraudulent Conveyance Complaint").[5]

Prior to the filing of the involuntary petitions, LBREP Holding borrowed funds pursuant to three pre-petition secured financing facilities. These financing facilities are generally described in the "Memorandum of Points and Authorities in Support of Motion of Lehman Commercial Paper Inc. as First Lien Administrative Agent for the First Lien Lenders, for Entry of an Order Pursuant to Section 362(d) of the Bankruptcy Code and Rules 4001 and 9014 of the Bankruptcy Rules Granting the First Lien Lenders Relief from the Automatic Stay to Foreclose on Their Secured Collateral" (the "Relief from Stay Memorandum"), filed with

---

[4] For purposes of simplicity, mention of the development wholly owned by nondebtor LBREP/L-SunCal Patterson Ranch, LLC has been excluded from the discussion in this pleading, although for reference, it has been included in Table 1.

[5] A true copy of Fraudulent Conveyance Complaint is annexed as Exhibit "C" to the concurrently filed Request for Judicial Notice.

1  the Court on or about October 2, 2008, and the related documents annexed thereto and filed

2  with the Court in connection therewith.[6]

3       Pursuant to the First Lien Credit Agreement, LBREP Holding is allegedly indebted

4  (and by guarantees, the remaining Debtors are allegedly indebted) to the First Lien Lenders in

5  the maximum principal amount of $235 million.  LCPI is the administrative agent for the First

6  Lien Lenders.  Pursuant to the Second Lien Creditor Agreement, LBREP Holding is allegedly

7  indebted (and by guarantees, the remaining Debtors are allegedly indebted) to the Second

8

9  Lien Lenders in an amount of $85 million.  Pursuant to the Third Lien Creditor Agreement,

10 LBREP Holding is allegedly indebted (and by guarantees, the remaining Debtors are allegedly

11 indebted) to the Third Lien Lenders in an amount of $85 million.   All of the foregoing

12 indebtedness is purported to be secured by the real property related to the Developments and

13 certain of the Debtors' personal property.

14

15      Due to alleged defaults under the First Lien Credit Agreement, LCPI commenced

16 foreclosure proceedings.  LCPI filed and gave notice of these defaults to the Debtors on April

17 14, 2008, and subsequently scheduled foreclosure sales for August 22, 2008 on the Debtors'

18 real property.  As discussed more fully below, these foreclosure sales were postponed to

19 September 12, 2008.

20      LCPI has filed the Relief from Stay Motions (which are virtually identical) in each of

21 the Debtors' bankruptcy cases in order to continue the foreclosure of their purported

22

23

24

25 [6] See the Relief from Stay Memorandum, attached as Exhibit "B" to the concurrently filed
   Request for Judicial Notice.  Note also that the Relief from Stay Motion is attached as
26 Exhibit "A" to the concurrently filed Request for Judicial Notice. **To the extent possible,**
   **and unless otherwise defined herein, the capitalized terms herein shall have the same**
27 **meaning as in the Relief from Stay Memorandum.  Nothing herein shall be construed**
   **as an admission as to the accuracy of the statements of LCPI, but are submitted solely**
28 **for purposes of the Interim Trustee Motion.**

1  collateral.  Due to the aggressive enforcement tactics being undertaken by LCPI, an interim

2  trustee must be appointed, as established below.

3        **1.**     **The Relationship between the Debtors and LCPI.**

4       A close relationship exists between LCPI as agent for the First Lien Lenders and the

5  Debtors. The names of all of the Debtors contain "LBREP". This is an acronym for Lehman

6  Brothers Real Estate Partners, LP ("LB Real Estate"), the 85% indirect owner of LBREP

7  Holding.  The relationships and ownership structures of these entities and the Developments

8

9  are, on information and belief, as follows:[7]

10  [See next page]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  [7] See the Fraudulent Conveyance Complaint, annexed as Exhibit "C" to the concurrently filed
Request for Judicial Notice, at pg. 5, ¶18.

27

28

**Table 1:**



As shown by the foregoing, SunCal Companies only owns 15% of LBREP Holding (and through LBREP Holding, the Debtor). Consequently, there is no question that Lehman Brothers entities[8] are firmly in control of the Debtor.

Lehman Brothers entities historically have been and are also in control of a substantial amount of the Debtor's secured debt. As set forth in LCPI's Relief from Stay Motion and the Relief from Stay Memorandum,[9] Lehman Brothers, Inc. ("LBI") was a party to the First Lien

---

[8] The term "Lehman Brothers entities" does not specifically or solely refer to LCPI or Lehman Brothers, Inc.

[9] See footnote 5 for previously stated definitions of these pleadings.

1  Credit Agreement as the "arranger"; LCPI is the first lien administrative agent for the First

2  Lien Lenders; and LCPI was, through February 14, 2008, administrative agent under the

3  Second and Third Lien Credit Agreements.[10]  Consequently, LCPI is now seeking relief from

4  stay to foreclose against any entity that is owned and controlled by Lehman Brothers entities.

5

6      LCPI recently released $102,000 from the Development Account to fund bankruptcy

7  counsel for these involuntary bankruptcy cases.[11]  The Relief from Stay Motions were filed

8  after payment of the retainer.  According to LCPI, after retaining counsel from monies

9  advanced by LCPI, the Debtors informed LCPI that they will not oppose the Relief from Stay

10  Motions.[12]  Counsel for the Petitioning Creditors has requested that the Debtors take action to

11  oppose the Relief from Stay Motions.[13]  The Debtors have not yet informed the Petitioning

12  Creditors of their intention in this regard.  It is hard to understand the purpose of paying

13  retainers if the Debtors intend to simply allow the First Lien Lenders to take all of the

14  Debtors' assets through foreclosure.

15

16          **2.    Creditor interests need to be protected.**

17      There are substantial creditor interests to protect outside of LCPI and other Lehman

18  Brothers entities' interests.  Due to the large scale of the Debtors' Developments, hundreds of

19  construction and trade creditors provided goods and services with respect to the

20

21

22

23

_____

24  [10] See the Relief from Stay Memorandum, pg. 4, n. 5.
   [11] See Letter dated September 30, 2008 from LCPI to Gramercy, annexed hereto as Exhibit

25  "A" to the Interim Trustee Motion.
   [12] See the Relief from Stay Memorandum, pg. 3 , n. 4.

26  [13] See Letter dated October 7, 2008, from Daniel Reiss to Scott Clarkson and Paul Couchot,
   annexed hereto as Exhibit "B" to the Interim Trustee Motion.  Mr. Clarkson informed Mr.

27  Reiss that he will be representing all four of the Debtors, and that Mr. Couchot has not been
   retained as counsel to any of the Debtors. See Letter dated October 8, 2008, from Scott

28  Clarkson to Daniel Reiss, annexed hereto as Exhibit "C" to the Interim Trustee Motion.

1    Developments in good faith with the expectation of being paid for those goods and services.[14]

2    There is also over $150 million of debt owed to the Second and Third Lien Lenders.

3            **3.      Assets need to be preserved for the Developments and for the**

4                       **benefit of the Debtors and their creditors.**

5
6            An interim trustee should be appointed to oppose the Relief from Stay Motion to

7    preserve assets for the benefit of all creditors.  Gramercy determined that LBREP Holding

8    transferred approximately $144 million to a number of Lehman Brothers entities and affiliates

9    of SunCal Companies, which funds were originally raised through borrowings to ostensibly

10   finance the Developments.   On September 9, 2008, Gramercy filed a complaint under

11   common law and the California Uniform Fraudulent Transfer Act for the purpose of

12   recovering these substantial – and Gramercy has argued, fraudulent – transfers (as previously

13
14   defined, the "Fraudulent Conveyance Complaint").[15]    Although amounts recovered via the

15   Fraudulent Conveyance Complaint would go to the LBREP Holding bankruptcy estate

16   (assuming an order for relief will be entered in that involuntary case), the Petitioning

17   Creditors will propose that funds be used as originally intended – i.e., for the continued

18   construction and completion of the Developments, and the benefit of all creditors and

19   stakeholders.  Further, the Debtors should not lose the benefit of the Development Account

20   funds currently on hand. The Development Account is still sufficient to provide a substantial

21
22   amount of funding for the Developments pending obtaining additional external funding.

23

24

25

26   _____
     [14] Annexed hereto as Exhibit "D" is a list of creditors for all of the Developments as of
27   August 14, 2008, based on information and belief.
     [15] A true copy of the Fraudulent Conveyance Complaint is annexed as Exhibit "C" to the
28   concurrently filed Request for Judicial Notice.

There are also significant unencumbered assets based on the First Lien Credit documents that can only have been preserved through the filing of the involuntary cases and by maintaining the automatic stay.

The First Lien Guarantee and Collateral Agreement provides that

"any lease, license, Instrument, Document, permit, Entitlement,

agreement, contract, General Intangible, Copyright License, Patent

License or Trademark License" (the "Excluded Assets") is excluded

from the collateral "to the extent the grant by the relevant Grantor of a

security interest pursuant to this Agreement in such Grantor's right,

title and interest in such Intangible Asset (A) is prohibited by legally

enforceable provisions of any contract, agreement, instrument or

indenture governing such Intangible Asset . . . or (C) is permitted only

with the consent of another party, if the requirement to obtain such

consent is legally enforceable and such consent has not been

obtained."

(See the First Lien Guarantee and Collateral Agreement, attached to the Relief from Stay Motion as Ex. B, pg. B 117.)

An interim trustee is needed to conduct a valuation to determine the worth of these "Excluded Assets", which include numerous essential components to the Developments such as permits, entitlements, intellectual property and other intangibles. It cannot be disputed that these now unencumbered assets which would inure to the benefit of all creditors if the automatic stay is maintained would be completely lost if LCPI is permitted to foreclose on the real property belonging to the Debtors. On the other hand, if maintained, these unencumbered assets will serve as a linchpin for the successful completion of the Developments in the future.

1    An interim trustee is necessary to oppose the Relief from Stay Motion.  Permitting a

2    foreclosure by LCPI will benefit only the First Lien Lenders, who will reap the benefit of

3    holding over five thousand acres of land that have already been partially developed for future

4    residential and commercial use until the inevitable recovery of the traditionally robust

5    Southern California real estate market.  In the meantime, the many creditors of the Debtors

6    

7    will take nothing from the Developments despite their substantial investment of time, money,

8    goods and services.

9    In light of the foregoing incestuous relationship among the Debtors, the collusive

10   nature of LCPI's efforts to foreclose and the Debtors' apparent unwillingness to oppose the

11   Relief From Stay Motions, along with the inability of the Debtors to pay their debts and the

12   need to pursue the Fraudulent Conveyance Complaint for the benefit of all creditors, an

13   interim chapter 11 trustee should be appointed.

14   

15       **4.      Lengthy business plan negotiations were undertaken prior to filing**

16                  **the involuntary bankruptcy petitions.**

17   The Petitioning Creditors have a good faith belief that a consensual plan can be

18   worked out that benefits all constituencies.  As stated above, extensive settlement negotiations

19   occurred prior to the commencement of this involuntary case with respect to a pre-petition

20   workout with the Second Lien Lenders. LCPI admits that months of pre-petition negotiations

21   

22   between LCPI and Gramercy occurred, commencing in January 2008 and ending shortly prior

23   to the need to file the involuntary petitions.  These and other negotiations should be given a

24   full opportunity now that the interests of the Debtors and all creditors are protected by the

25   automatic stay.

26   

27   

28

**5.      Due to the benefits of the automatic stay, the bankruptcy cases will provide the appropriate framework for an interim chapter 11 trustee to reach consensus with creditors on a business plan going forward.**

Given the extreme pre-bankruptcy leverage of the First Lien Lenders against the Petitioning Creditors and all other junior creditors and the ready-made acquiescence of the Debtors, it is not surprising that LCPI opted to go forward with its foreclosure sales despite on-going negotiations. The conflicts of interest and LCPI's overwhelming leverage can effectively be mitigated by maintaining the automatic stay and appointing an interim chapter 11 trustee. This involuntary bankruptcy was filed to invoke the unique capability of a chapter 11 case to "level the playing field" and grant the Debtors and other parties a reasonable opportunity to reach a workout that was otherwise not possible. With a stay on impending foreclosure proceedings and an independent third party trustee, a trustee will be able to engage in meaningful discussions that will greatly increase the chances of an effective reorganization. On the other hand, if the Relief from Stay Motion is granted, all of the present and future value of the real property will inure solely to the First Lien Lenders at the expense of all other constituents and stakeholders.

**6.      The appraisals submitted show that there is substantial value in the properties held by the Debtors.**

Appraisals were submitted by LCPI in support of its Relief from Stay Motion as Exhibit "E" thereto (the "Appraisals").[16] The Appraisals demonstrate the substantial upside potential of the Developments which is wholly unaccounted for in LCPI's adequate protection

---

[16] Note that in the LBREP Holding case, LCPI submitted summaries of appraisals. In McSweeny, McAllister and Summerwind, entire appraisals were submitted.

1  and equity calculations.    The Appraisals provide for a number of different valuation

2  assumptions for the Developments which cannot be ignored in the context of a chapter 11

3  case.

4      LCPI limited its analysis to the lowest "as is" value.  However, two other valuations –

5
6  one related to "blue top lots" and the other related to "finished lots" – demonstrate the

7  enormous potential value of the Developments.  The Petitioning Creditors realize that these

8  values are not obtainable today in the current construction stage of the Developments;

9  however, the tremendous profit potential of these Developments should not be turned over to

10  the First Lien Lenders for solely their own future benefit at this early stage in these

11  bankruptcy cases.

12      LCPI submits that the fair market value of the Developments is $180,700,000.00 and

13
14  total debt is $441,545,259.13, leaving the Debtors with -$260,845,259.13 of equity in the

15  Developments. (See the Relief From Stay Motion, ¶ ¶ 10-12.)  However, the other two

16  valuations provided by LCPI's appraisers demonstrate that LCPI's interest in the Debtor's

17  real property would be adequately protected in a successful chapter 11 case whether the

18  Developments are constructed to the "blue top lot" phase or "finished lot" phase.

19  **Table 2:**

20

| Subject Property | As Is Value | Hypothetical Aggregate Retail Revenues (Finished Lots) | Hypothetical Aggregate Retail Revenues (Blue Top Lots) |
|---|---|---|---|
| McAllister Ranch | $123,200,000.00 | $538,799,000.00 | $388,204,043.00 |
| McSweeny Farms | $13,300,000.00 | $72,574,800.00 | $40,902,740.00 |
| Summerwind | $44,200,000.00 | $178,554,500.00 | $107,015,791.00 |
| Aggregate Valuation: | $180,700,000.00 | $789,928,300.00 | $536,122,574.00 |
| Total Debt (as alleged by LCPI): | $441,545,259.13 | $441,545,259.13 | $441,545,259.13 |
| Total Equity: | ($260,845,259.13) | $348,383,040.87 | $94,577,314.87 |

1    The valuations for blue top lots and finished lots, submitted to the Court by LCPI,

2   demonstrate the substantial potential value of the Developments for all creditors if the

3   Developments are completed to the levels contemplated by the Debtors and LCPI as recently

4   as March 31, 2008.

5
**II.    AN INTERIM CHAPTER 11 TRUSTEE SHOULD BE APPOINTED IN THIS**
6
**CASE.**
7

8    Bankruptcy Code Section 1104 provides the circumstances in which a court must

9   order the appointment of a chapter 11 trustee:

10
(a) At any time after the commencement of the case but before
11
confirmation of a plan, on request of a party in interest or the United
States trustee, and after notice and a hearing, the court shall order the
12
appointment of a trustee –

13
(1) for cause, including fraud, dishonesty, incompetence, or gross
mismanagement of the affairs of the debtor by current management,
14
either before or after the commencement of the case, or similar cause,
but not including the number of holders of securities of the debtor or
15
the amount of assets or liabilities of the debtor;

16
(2) if such appointment is in the interests of creditors, any equity
17
security holders, and other interests of the estate, without regard to the
number of holders of securities of the debtor or the amount of assets
18
or liabilities of the debtor; or

19
(3) if grounds exist to convert or dismiss the case under section 1112,
20
but the court determines that the appointment of a trustee or an
examiner is in the best interests of creditors and the estate.
21

22   11 U.S.C. § 1104.

23    A.    **The Debtor Is Not Able To Fulfill Its Fiduciary Duty To Creditors Due To**

24          **Irreconcilable Conflicts Of Interest.**

25    The conflicts of interest that are readily apparent and are causing the Debtor's alleged

26   acquiescence in the Relief from Stay Motion demonstrate that the Debtor is unable to fulfill

27   its duties to its creditors.  Therefore, grounds exist to appoint an interim trustee under 11

28

1  U.S.C. § 1104(a)(1).  In In re Cochise College Park, Inc., 703 F.2d 1339, 1357 (9th Cir. 1983),

2  the Ninth Circuit stated that:  "A bankruptcy or reorganization trustee is a fiduciary of each

3  creditor of the estate."  Of course, the debtor in possession has the same fiduciary

4  responsibilities as a trustee.  Commodity Futures Trading Commission v. Weintraub, 471 U.S.

5  343, 355, 105 S.Ct. 1986, 1994, 85 L.Ed.2d 372 (1985).

6

7      LCPI's admission that the Debtor will not be opposing the Relief from Stay Motion

8  makes clear that the Debtor has no intention of fulfilling its fiduciary duty to this estate and its

9  creditors by protecting its assets from the First Lien Lenders' efforts to foreclose on the

10  Debtor's real property.  Therefore, an interim trustee should be appointed to protect the

11  Debtor's assets from LCPI's efforts to foreclose on the Debtor's Development.

12      **B.      Appointment of a Chapter 11 Trustee is in the Best Interests of the Estates**

13      **and Creditors.**

14

15      The following factors demonstrate that appointment of a chapter 11 trustee is in the

16  best interests of the estates under Section 1104(a)(2):

17      1. The irreconcilable conflicts of interest between the owners of the Debtors and the

18  First Lien Lenders based on the web of relationships between Lehman Brothers entities.  Due

19  to the foregoing conflicts of interest, the Debtors' management must be replaced by an

20  independent third party for the purpose of administering all assets, reviewing and defending

21  against all claims against the estate, and to consider all feasible alternatives with respect to a

22

23  reorganization of the Debtors.

24      2.      The Debtors have no ability, and have allegedly refused to maintain, protect

25  and preserve corporate assets against the enforcement actions that have been and are being

26  taken by LCPI.

27

28

3.    The Debtors apparently have no intention of seeking funding or a workout to continue construction and complete the Developments.

4.    An objective and disinterested third-party must investigate all pre-petition transfers of the hundreds of millions of dollars raised pre-petition through equity and debt financing, including the Fraudulent Conveyance Complaint, now pending in state court.

5.    A foreclosure by the First Lien Lenders will destroy any value of the unencumbered assets that is available to creditors other than the First Lien Lenders. An interim trustee as a fiduciary for all creditors is necessary to preserve any unencumbered value in the Debtors. In addition, as established by the Appraisals, there is substantial potential upside if the Developments are developed further. An interim trustee should be appointed to take the appropriate action required of a fiduciary to realize on this value for all creditors. Therefore, among other things, an interim chapter 11 trustee is needed to oppose the Relief from Stay Motion and other actions by LCPI being taken for its own benefit while the Debtors and creditors lack an objective fiduciary to preserve and protect their economic interests.

## III.    CONCLUSION.

For the foregoing reasons, appointment of an interim trustee is in the best interests of all creditors and other parties in interest pursuant to 11 U.S.C. § 1104.

Dated: October 15, 2008

LEVENE, NEALE, BENDER, RANKIN
& BRILL L.L.P.

By:_____
CRAIG M. RANKIN
DANIEL H. REISS
KRIKOR J. MESHEFEJIAN
Attorneys for Petitioning Creditors

## DECLARATION OF DANIEL H. REISS

I, Daniel H. Reiss, declare and state as follows:

1.      I am an attorney at Levene, Neale, Bender, Rankin & Brill L.L.P.   Unless indicated otherwise, the statements made herein are based on my personal knowledge and my review and familiarity with the papers, pleadings and documents related to the above-captioned involuntary chapter 11 case.   If called upon, I could and would competently testify to their truth.

2.      On October 7, 2008, I prepared a letter (the "Reiss Letter") addressed to Scott C. Clarkson and Paul Couchot and caused the Reiss Letter to be sent that day.  A true and correct copy of the Reiss Letter is attached hereto as Exhibit "B".

3.      On October 8, 2008, I received a letter from Scott C. Clarkson (the "Clarkson Letter") in response to the Reiss Letter.  A true and correct copy of the Clarkson Letter is attached hereto as Exhibit "C".

4.      On information and belief, annexed hereto as Exhibit "A" is a true and correct copy of a letter dated September 30, 2008 from Lehman Commercial Paper Inc. to Gramercy Warehouse Funding I, LLC.

5.      On information and belief, annexed hereto as Exhibit "D" is a list of the creditors of the involuntary chapter 11 debtor in the above-captioned case.

Executed this 15th day of October, 2008 in Los Angeles, California.

*/s/ Daniel H. Reiss*
DANIEL H. REISS

# EXHIBIT A

LEHMAN COMMERCIAL PAPER INC.
as First Lien Administrative Agent
745 Seventh Avenue
New York, New York  10019


September 30, 2008


BY TELECOPY AND
CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Gramercy Warehouse Funding I LLC
as Second Lien Administrative Agent
c/o Gramercy Capital Corp.
420 Lexington Avenue, 19th Floor
New York, New York  10170
Attn: Ryan Simonetti
Fax: 212-297-1090

Square Mile Structured Debt (One) LLC
Square Mile Structured Debt (Two) LLC
collectively as Third Lien Administrative Agent
c/o Square Mile Capital Management LLC
450 Park Avenue
New York, New York  10022
Attn: Joseph D. D'Angelo
Fax: 212-605-0999


Re:   First Lien Credit Agreement dated as of January 19, 2006 (as amended by the
First Amendment and Waiver dated as of March 9, 2006, the Second Amendment,
Waiver and Consent dated as of November 22, 2006, the Third Amendment and
Waiver dated as of February 6, 2007, and the Fourth Amendment and Waiver
dated as of January 31, 2008, the "First Lien Credit Agreement"), among
LBREP/L-SunCal Master I LLC (the "Borrower"), the several banks and other
financial institutions or entities from time to time parties thereto (collectively, the
"First Lien Lenders"), Lehman Brothers Inc., as advisor, sole lead arranger and
sole bookrunner, Lehman Commercial Paper Inc. ("LCPI"), as syndication agent,
and LCPI as administrative agent (in such capacity, the "First Lien Administrative
Agent") (any initially capitalized terms used herein shall have the respective
meanings set forth in the First Lien Credit Agreement).

Ladies and Gentlemen:

We refer to the First Lien Credit Agreement and to the Intercreditor Agreement. Unless otherwise defined herein, terms defined in the First Lien Credit Agreement and used herein shall have the meanings set forth in the First Lien Credit Agreement.

We also refer to the involuntary petitions (the "Involuntary Petitions") for relief filed by Gramercy Warehouse Funding I LLC (i) individually in its capacity as Second Lien Administrative Agent, on behalf of the Second Lien Lenders, under the Second Lien Credit Agreement against the Borrower on September 10, 2008 as Case No. 8:08-bk-15588-ES; and (ii) in such capacity with various trade creditors against each of LBREP/L-Suncal McAllister Ranch LLC, LBREP/L-SunCal McSweeny Farms LLC and LBREP/L-SunCal Summerwind Ranch LLC on September 11, 2008, as Case No. 8:08-bk-15637-ES, Case No. 8:08-bk-15639-ES and Case No. 8:08-bk-15640-ES, respectively, under section 303 of Title 11 of the United States Code, and currently pending in the United States Bankruptcy Court for the Central District of California before the Honorable Erithe A. Smith.

On behalf of the First Lien Lenders, we hereby advise you that we have received a request from the Borrower, attached hereto as Exhibit A, to use a portion of the funds on deposit in the Development Account for the payment of fees and expenses of legal counsel incurred by Borrower and the Subsidiary Guarantors in connection with the Involuntary Petitions. Pursuant to Section 6.1 of the Intercreditor Agreement, the First Lien Lenders have released an amount equal to $102,000 to the Borrower solely for the purpose described above.

[NO FURTHER TEXT ON THIS PAGE]

Very truly yours,

LEHMAN COMMERCIAL PAPER INC.,
  as First Lien Administrative Agent

By: _____
    Name:
    Title:     Craig Malloy
               Authorized Signatory

cc:    Harvey R. Uris, Esq.
       Skadden, Arps, Slate, Meagher & Flom, LLP
       Four Times Square
       New York, New York 10036-6522
       Facsimile: 917-777-2212

EXHIBIT A
TO LETTER DATED SEPTEMBER 30, 2008


BORROWER REQUEST LETTER

(See attached)

LBREP/L-SunCal Master I LLC
2392 Morse Avenue
Irvine, California 92614


September 26, 2008


**VIA FACIMILE (646) 758-4617**


Lehman Commercial Paper Inc.
745 Seventh Avenue
New York, New York 10019
Attention: Mr. Craig Malloy

     Re:    <u>Loans to LBREP/L-SunCal Master I LLC</u>

Gentlemen:

    The purpose of this letter is to request approval for and funding of a retainer necessary to be paid to bankruptcy counsel to be engaged by LBREP/L-SunCal Master I LLC and three entities owned by this Master LLC (LBREP/L-SunCal McAllister Ranch, LLC, LBREP/L-SunCal McSweeny Farms, LLC, and LBREP/L-SunCal Summerwind Ranch LLC) in the amount of $102,000.00, with respect to the four involuntary bankruptcies filed against these four entities. Any potion of such retainer that is not used in such representation shall be returned to the first lien lenders.

    Please let me know if you have any questions relating to the foregoing request.

           Very truly yours,

           Bruce V. Cook
           General Counsel


BVC:aa
cc: Julian Chung, Esq.

# EXHIBIT B



## LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.

LAW OFFICES

October 7, 2008

**VIA EMAIL AND U.S. MAIL**

Scott C. Clarkson, Esq.
Clarkson, Gore & Marsella, APLC
3424 Carson Street, Suite 350
Torrance, CA 90503

Paul Couchot, Esq.
Winthrop Couchot
660 Newport Center Drive, 4th Floor
Newport Beach, CA, 92660-6401

Re:    **LBREP/L-SunCal McAllister Ranch LLC** (Case No. 8-08-bk-15637-ES)
       **LBREP/L-SunCal McSweeny Farms LLC** (Case No. 8-08-bk-15639-ES)
       **LBREP/L-SunCal Summerwind Ranch Ranch LLC** (Case No. 8-08-bk-15640-ES )
       **LBREP/L-SunCal Master I, LLC** (Case No. 8-08-bk-15588-ES)

Dear Scott and Paul:

It is our understanding that you are representing one or more of the above-referenced entities (the "Debtors") with respect to the referenced involuntary bankruptcy cases (the "Cases") now pending before Judge Smith.

As you are aware, a motion for relief from stay has been filed by Lehman Commercial Paper, Inc. ("LCPI") in each of the Cases to permit LCPI to continue its non-judicial foreclosure proceedings against the real property which is the primary asset in each of the Cases. As counsel for the petitioning creditor in each of the Cases, and in light of the fiduciary duties owed to creditors due to the Debtors' insolvency, we expect and demand that the Debtors will make every effort to oppose the relief from stay motions.



Scott C. Clarkson, Esq.
Paul Couchot, Esq.
October 7, 2008
Page 2

We also request that you inform us within the next business day regarding whether the Debtors
will be consenting to an order for relief in each of these cases so that the assets of the Debtors
may be preserved for all constituencies.

Very truly yours,

Daniel H. Reiss

cc:    Michael G. Kavourias
       Craig M. Rankin
       Krikor J. Meshefejian

# EXHIBIT C

**CLARKSON, GORE & MARSELLA**
A PROFESSIONAL LAW CORPORATION

SCOTT C. CLARKSON*
BARRY R. GORE
EVE A. MARSELLA

*ALSO ADMITTED IN WASHINGTON D.C.
AND COMMONWEALTH OF VIRGINIA

3424 CARSON STREET - SUITE 350
TORRANCE, CALIFORNIA 90503
TELEPHONE (310) 542-0111
FACSIMILE (310) 214-7254
EMAIL: info@lawcgm.com
WEBSITE: www.lawcgm.com

October 8, 2008

Our File No. 8076.01

Daniel H. Reiss, Esq.
Levine, Neale, Bender, Rankin & Brill, LLP
10250 Constellation Boulevard
Suite 1700
Los Angeles, California 90067-6200

Re:   LBREP/L-SunCal Master I, LLC (CaseNo. 8:08-bk-15588-ES)
      LBREP/L-SunCal McAllister Ranch LLC (Case No. 8:08-bk-15637-ES)
      LBREP/L-SunCal McSweeny Farms LLC (Case No. 8:08-bk-15639-ES)
      LBREP/L-SunCal Summerwind Ranch LLC (Case No. 8:08-bk-15640-ES)
      Involuntary Petitions filed September 10 and 11, 2008

Dear Mr. Reiss:

This firm represents the above referenced Alleged Debtors with respect to the Involuntary
Bankruptcy Petitions which your clients caused to be filed on September 10, 2008. We
are in receipt of your letter dated October 7, 2008. Please be advised that Mr. Cochot is
not involved with the representation of the Alleged Debtors within these bankruptcy
cases.

If service has been properly made (and we have not confirmed this), it appears that a
response is due on the Petitions by October 23, 2008. If the Alleged Debtors decide to
appear in these cases, a Joint Status Report ("JSR") is required to be filed within ten (10)
days of the Status Conference Hearing, which is scheduled on November 6, 2008 at 9:30
a.m. in Courtroom 5A of the Ronald Reagan Federal Courthouse in Santa Ana. We will
be pleased to discuss the contents of the JSR with you, and you should call me at your
convenience for that purpose.

With respect to your letter's several requests and demands, we will direct your letter to
our clients for responses, if any.

Very truly yours,

CLARKSON, GORE & MARSELLA, APLC

Scott C. Clarkson

# EXHIBIT D

R04413
SCCV0O0001

**SunCal Companies (Unaudited)**
**Open A/P Summary Report**
**8/14/2008**

| Number | Supplier Name | Company | A/P Balance Open Current 8/14/2008 | 31 - 60 | 61 - 90 | 91 - 120 | Over 120 | Retention Open (not billed) | Total Open Including Retention |
|---|---|---|---|---|---|---|---|---|---|
| | **LBREP/L, SunCal Patterson Ranc** | | | | | | | | |
| 10060 | SunCal Management, LLC | 20250 | 509,763 | | | | 471,998 | | 509,763 |
| 106147 | KTGY Group, Inc. | 20250 | 150,049 | | | | 150,049 | | 150,049 |
| 106326 | OCB Reprographics, Inc. | 20250 | 2,193 | | | | 1,466 | | 2,193 |
| 106434 | RBF Consulting-Camarillo Div | 20250 | 238,385 | | | | 187,400 | | 238,385 |
| 106442 | Reliable Graphics Inc. | 20250 | 1,801 | | | | 1,801 | | 1,801 |
| 106476 | Rutan & Tucker, LLP | 20250 | 2,845 | | | | 2,845 | | 2,845 |
| 106594 | Summers/Murphy & Partners, I | 20250 | 26,000 | | | | 26,000 | | 26,000 |
| 107256 | Brown, Winfield, Canzoneri, | 20250 | 7,916 | 311 | | | 7,605 | | 7,916 |
| 107737 | BIA / Greater L A /Ventura C | 20250 | 1,750 | | | | 1,750 | | 1,750 |
| 109299 | Jeanette C. Justus Associate | 20250 | 5,452 | | | | 5,452 | | 5,452 |
| 110761 | Cushman & Wakefield of Calif | 20250 | 24,100 | | | | 24,100 | | 24,100 |
| 112156 | Blair Graphics | 20250 | 5,860 | | | | 5,860 | | 5,860 |
| 114390 | Couture | 20250 | 15,000 | | | | 15,000 | | 15,000 |
| 118757 | Reed & Davidson, LLP | 20250 | 11,031 | | | | 11,031 | | 11,031 |
| 119005 | ProRepro | 20250 | 415 | | | | 415 | | 415 |
| 120952 | Aviation System, Inc. | 20250 | 1,464 | | | 1,464 | | | 1,464 |
| | **LBREP/L, SunCal Patterson Ranc** | 20250 | 1,004,024 | 2,400 | 26,621 | 7,664 | 61,739 | 905,600 | | 1,004,024 |
| | **LBREP/L, SunCal McAllister** | | | | | | | | |
| 10050 | SCC Acquisitions, Inc. | 20530 | 7,118 | | | | 7,118 | | 7,118 |
| 10060 | SunCal Management, LLC | 20530 | 929,229 | 92,965 | 450 | 5,700 | 829,966 | | 929,229 |
| 105574 | CDW Direct, LLC | 20530 | 14 | | | | 14 | | 14 |
| 105835 | Cox, Castle & Nicholson, LLP | 20530 | 1,535 | | | | 1,535 | | 1,535 |
| 106000 | Golden State Fence Company | 20530 | 492,483 | | | | 492,483 | 68,572 | 561,055 |
| 106012 | Granite Construction Company | 20530 | 484 | | 484 | | | | 484 |
| 106080 | Jackson, DeMarco, Tidus & Pe | 20530 | 34,801 | | | 923 | 33,878 | 225,069 | 259,870 |
| 106160 | Krazan & Associates, Inc. | 20530 | 7,120 | | | | 7,120 | | 7,120 |
| 106244 | Landscape Development, Inc. | 20530 | 3,102 | | | | 3,102 | | 3,102 |
| 106247 | M Delvin & Associates, Inc. | 20530 | 29,745 | | | | 29,745 | | 29,745 |
| 106326 | OCB Reprographics, Inc. | 20530 | 571,715 | | | | 571,715 | 203,080 | 774,785 |
| 106349 | Outdoor Dimensions | 20530 | 46 | | | | 46 | | 46 |
| 106372 | Park West Landscape Inc. | 20530 | 135,150 | | | | 135,150 | 166,311 | 301,461 |
| 106594 | Parker Printing, Inc | 20530 | 132,019 | | | | 132,019 | | 132,019 |
| 106626 | Summers/Murphy & Partners, I | 20530 | 22,024 | | | | 22,024 | | 22,024 |
| 106711 | Weston/Mason Marketing | 20530 | 130,765 | | | | 130,765 | | 130,765 |
| 106742 | Voss, Cook & Thel, LLP. | 20530 | 288 | | | | 268 | | 268 |
| 106745 | Williams & Paddon Architects | 20530 | 85,468 | | | | 85,468 | | 85,468 |
| 107698 | Wiechel Interactive | 20530 | 7,481 | | | | 7,481 | | 7,481 |
| 107852 | Chameleon Design, Inc. | 20530 | 13,666 | | | | 13,666 | | 13,666 |
| 107685 | P. W. Gillibrand Co., Inc. | 20530 | 3,106 | 3,106 | | | | | 3,106 |
| 107755 | Sierra Cascade Construction, | 20530 | 110 | 110 | | | | 409,078 | 422,744 |
| 108067 | Tele/Pacific Communications - | 20530 | 5,188 | | | | 5,188 | | 5,188 |
| 108190 | Andy Gump Temporary Site Ser | 20530 | 150 | | | | 150 | | 150 |
| 108591 | Turf Star, Inc. | 20530 | 2,660 | | | | 2,660 | | 2,660 |
| 109345 | Roddan Paolucci Rodsan Adv.& | 20530 | 3,238 | | | | 3,238 | | 3,238 |
| 109556 | SWPPP USA, Inc. | 20530 | 20,000 | | | | 20,000 | | 20,000 |
| 109574 | BluePrint Service Company | 20530 | 7,310 | | | | 7,310 | | 7,310 |
| | R.L. Abbott & Associates | | | | | | | | |
| | HomeBuyers Guide - Irvine | | | | | | | | |

| ID | Creditor | Class | Amt 1 | Amt 2 | Amt 3 | Amt 4 | Amt 5 | Amt 6 | Total |
|---|---|---|---|---|---|---|---|---|---|
| 110100 | BIA of Kern County | | 750 | | | | | | 750 |
| 110354 | Bakersfield, City of | | 6,523 | | | | | | 6,523 |
| 110428 | Greg Norman Golf Course Desi | | 122,822 | | | | | | 122,822 |
| 110601 | Construction Protective Serv | | 102,616 | | | | | | 102,616 |
| 10761 | Cushman & Wakefield of Calif | | 24,100 | | | | | | 24,100 |
| 111537 | Price Disposal, Inc. | | | 56 | | | | | 56 |
| 111689 | Meyer Civil Engineering, Inc | | 2,651 | | | | | | 2,651 |
| 111818 | Pacific Advanced Civil Engin | | 9,328 | | | | | | 9,328 |
| 112297 | Stantec Consulting - Chicago | | 474,935 | | | | | | 474,935 |
| 112620 | Petrotech Resources Company | | 35,948 | | | | | | 35,948 |
| 112738 | Crider Construction, Inc. | 20530 | | | | | | 51,856 | 51,856 |
| 112956 | Advance Utility Design, Inc- | 20530 | 84,901 | | | | | | 84,901 |
| 112974 | Sheridan Drilling Inc | 20530 | 8,213 | | | | | | 8,213 |
| 113198 | Fastko, Inc. | 20530 | 59,648 | | | 6,274 | 9,978 | | 75,899 |
| 113198 | Superior Pipeline Inc | 20530 | 3,736,339 | | | | | 1,430,861 | 5,167,201 |
| 113200 | Higher Ground Land Surveying | 20530 | 113,051 | | | | | | 113,051 |
| 113359 | Genesis Golf Builders, Inc. | 20530 | 165,659 | | | | | 452,145 | 617,804 |
| 113645 | Sequoia Sandwich Company, LL | 20530 | 611 | | | | | | 611 |
| | Elco Water Truck | 20530 | 50,832 | | | | 108 | | 50,940 |
| 114084 | McIntosh & Associates | 20530 | 73 | | | | | | 73 |
| 114168 | McKenna's Curb & Gutter Co., | 20530 | 221,486 | | | | | 89,130 | 310,616 |
| 114170 | Troon Golf, LLC | 20530 | 227,904 | | | | | | 227,904 |
| 114386 | Ewing Irrigation Product Inc | 20530 | 5,839 | | | | | | 5,839 |
| 114450 | Instant Storage | 20530 | 5,342 | | | | | | 5,342 |
| 115736 | Jones & Stokes Associates, I | 20530 | 9,259 | | | 437 | 3,763 | | 13,459 |
| 115975 | Builder Homesite, Inc. | 20530 | 583 | | | | 1,142 | | 1,725 |
| 117323 | McShea & Associates, Inc. | 20530 | 6,300 | | | | | | 6,300 |
| 117467 | Move Sales, Inc. | 20530 | 963 | | | | | | 963 |
| 117531 | California Water Service Co. | 20530 | 1,196 | | | | | | 1,196 |
| 117539 | Masonry Plus | 20530 | 562,883 | | | | | 293,748 | 856,651 |
| 117562 | Kern Turf Supply Inc | 20530 | 3,483 | | | | | | 3,483 |
| 117613 | Builder Advisors | 20530 | 2,001 | | | | | | 2,001 |
| 117717 | GE Capital - Chicago | 20530 | | 6,760 | 17,519 | 10,692 | 18,498 | | 53,468 |
| 117720 | R&R Products | 20530 | 1,242 | | | | | | 1,242 |
| 117804 | General Petroleum Corporatio | 20530 | 8,007 | | | | | | 8,007 |
| 117806 | Mr. Plant | 20530 | 524 | | | | | | 524 |
| 118406 | South Kern Machinery Inc. | 20530 | 28 | | | | | | 28 |
| 118520 | Outdoor Sales, Inc. | 20530 | 108,933 | | | | 2,499 | | 111,432 |
| 118522 | CSK Auto Inc. | 20530 | 343 | | | | | | 343 |
| 118809 | Western Farm Services, Inc. | 20530 | 37,549 | | | | | | 37,549 |
| 118811 | Melo's Gas & Gear, Inc. | 20530 | 131 | | | 24 | | | 155 |
| 118649 | Lesco, Inc. | 20530 | 2,353 | | | | 25 | | 2,378 |
| 118674 | Klassen Corporation | 20530 | 259,544 | | | | | 163,038 | 422,582 |
| 118820 | Simplot Grower Solutions | 20530 | 5,471 | | | | | | 5,471 |
| 118843 | Kaman Industrial Tech. | 20530 | 308 | | | | | | 308 |
| 118882 | Security Signal Devices - 34 | 20530 | 96 | | | | | | 96 |
| 118892 | ProRepro | 20530 | 2,144 | | | | | | 2,144 |
| 118998 | Ateco Corporation, The | 20530 | 707,204 | | | | | | 707,204 |
| 119004 | Modular Space Corporation | 20530 | 161 | | | | | | 161 |
| 119005 | Best Approach Publications | 20530 | 300 | | | | 3,509 | | 3,809 |
| 119189 | ITT Flowtronex | 20530 | 19,145 | | | | | | 19,145 |
| 119195 | Eagle One | 20530 | 1,016 | | | | | | 1,016 |
| 119431 | Imavex, LLC | 20530 | 529 | | | | | | 529 |
| 119404 | David Bullavac Sales | 20530 | 45 | | | | | | 45 |

| Ref # | Name | Code | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|---|---|
| | **LBREPL, SunCal McAllister** | 20530 | 10,069,465 | 129,944 | 17,969 | 23,610 | 9,330,321 | 3,552,888 | 13,622,354 |
| 119976 | Cylex, Inc. | 20530 | 13,044 | | | | 13,044 | | 13,044 |
| 119977 | Tees Please, Inc. | 20530 | 955 | | | | 955 | | 955 |
| 120151 | Pacific Sod | 20530 | 14,286 | | | | 14,286 | | 14,286 |
| 120200 | Maranatha Landscaping | 20530 | 3,205 | 3,070 | | | 3,205 | | 3,205 |
| 120162 | Preswick Group, The | 20530 | 6,275 | | | | 6,275 | | 6,275 |
| 120208 | Wittek Golf Supply Co., Inc. | 20530 | 14,601 | | | | 14,601 | | 14,601 |
| 120368 | Scotts Company, The | 20530 | 40,886 | | | | 40,886 | | 40,886 |
| 120374 | Aramark Uniform Services | 20530 | 20,624 | | | | 20,624 | | 20,624 |
| 120413 | Laser Link Golf | 20530 | 1,215 | | | | 1,215 | | 1,215 |
| 120552 | John Deere Government & Nati | 20530 | 1,457 | | | | 1,457 | | 1,457 |
| 120626 | Greg Norman Collection | 20530 | 4,033 | | | | 4,033 | | 4,033 |
| 120673 | Callaway Golf Sales Company | 20530 | 1,442 | | | | 1,442 | | 1,442 |
| 120699 | Adam Bradley Photography | 20530 | 3,218 | | | | 3,218 | | 3,218 |
| 120729 | CMC Golf, Inc. | 20530 | 2,094 | | | | 2,094 | | 2,094 |
| 120865 | Central Valley Golf & Utilit | 20530 | 8,770 | | | | 8,770 | | 8,770 |
| 120866 | ARRC Technology | 20530 | 3,877 | | | | 3,877 | | 3,877 |
| 120891 | Water Association of Kern Co | 20530 | 80 | | | | 80 | | 80 |
| 121091 | Tejon Indian Tribe | 20530 | 500 | | | | 500 | | 500 |
| 121143 | Imperial Headwear, Inc. | 20530 | 32 | | | | 32 | | 32 |
| 121354 | | 20530 | 1,995 | | | | 1,995 | | 1,995 |
| 121365 | | 20530 | 1,092 | | | | 1,092 | | 1,092 |
| 121842 | C J Logan Pump & Electric | 20530 | 400 | 400 | | | 400 | | 400 |
| | **LBREPL, SunCal McSweeney Farm** | 20550 | | | | | | | |
| 10050 | SCC Acquisitions, Inc. | 20550 | 9,418 | | | | 9,418 | | 9,418 |
| 10060 | SunCal Management, LLC | 20550 | 516,457 | 59,948 | | | 443,831 | 516,457 | 516,457 |
| 105599 | All American Asphalt | 20550 | 1,313,971 | | | | 1,285,392 | 1,737,545 | 1,737,545 |
| 105624 | Arrowhead Mountain Spring Wa | 20550 | 439 | | 362 | 15 | 83 | 423,574 | 439 |
| 105726 | Kymia, Carl | 20550 | 4,000 | | | | 4,000 | | 4,000 |
| 105921 | Eastern Municipal Water Dist | 20550 | 10,588 | 10,588 | | | | | 10,588 |
| 105993 | Glenn Lukos Associates, Inc. | 20550 | 3,746 | 354 | | | 2,018 | | 3,746 |
| 106000 | Golden State Fence Company | 20550 | 847 | | | | 847 | | 847 |
| 106024 | Hall & Foreman, Inc. | 20550 | 2,148 | | | | 2,148 | | 2,148 |
| 106030 | Heller Ehrman White & McAulif | 20550 | 6,521 | | | | 6,521 | | 6,521 |
| 106038 | Hunter Media | 20550 | 5,500 | | 956 | | 5,565 | | 5,500 |
| 106059 | IB Reprographics | 20550 | 113 | | | | 113 | | 113 |
| 106080 | Jackson, DeMarco, Tidus & Pe | 20550 | 22,901 | 5,978 | 3,728 | | 13,196 | | 22,901 |
| 106111 | John Hanna & Associates | 20550 | 10,182 | | 151 | | 10,031 | | 10,182 |
| 106139 | KIP Incorporated | 20550 | 27,653 | | | | 27,653 | | 109,319 |
| 106187 | LDB & Associates, Inc. | 20550 | 23,600 | | | 11,800 | 23,600 | 81,666 | 23,600 |
| 106196 | Linscott,Law&Greenspan Engin | 20550 | 2,638 | | | | 2,638 | | 2,638 |
| 106209 | Los Angeles Times - Box 6018 | 20550 | 2,425 | | | | 2,425 | | 2,425 |
| 106214 | LSA Associates, Inc. | 20550 | 41,929 | | | | 41,929 | | 41,929 |
| 106247 | M Delvin & Associates, Inc. | 20550 | 7,235 | | | | 7,235 | | 7,235 |
| 106252 | Merit Association Services, | 20550 | 938 | | | 938 | 151 | | 938 |
| 106255 | Mesa Pacific Construction, I | 20550 | 33,725 | 61 | | | 33,725 | | 33,725 |
| 106276 | Mobile Mini, Inc. | 20550 | 119 | (4) | | | 61 | | 119 |
| 106326 | OCB Reprographics, Inc. | 20550 | 5,892 | | | | 5,892 | | 5,892 |
| 106349 | Outdoor Dimensions | 20550 | | | 1,250 | | 11,834 | | 115,881 |
| 106354 | Pacific Soils Engineering,In | 20550 | 17,131 | 5,381 | | | 27,631 | | 117,131 |
| 106419 | Pacific Soils Engineering, I | 20550 | 63,910 | | | | 63,910 | | 63,910 |
| 106465 | Rohm Insurance Agency | 20550 | 123,442 | | 89,375 | | 13,150 | | 123,442 |
| 106533 | Sierra Pacific Electrical Co | 20550 | 103,430 | 36,279 | 20,917 | | 91,774 | 57,648 | 161,077 |
| 106550 | So. Cal Sandbags, Inc. | 20550 | 62,707 | 11,656 | | | 62,707 | | 62,707 |

| Claim # | Creditor | Code | Col1 | Col2 | Col3 | Col4 | Col5 | Col6 | Col7 | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 106551 | SoCal Pump & Well Drilling I | 20550 | 413 | | | | 413 | | 898 | 898 |
| 106555 | Southern California Edison - | 20550 | 223,103 | | | | | 223,103 | | 223,103 |
| 106626 | Weston/Mason Marketing | 20550 | 48,586 | | | | | 48,586 | | 48,586 |
| 106665 | Soboba Band of Luiseno India | 20550 | 20,950 | | | | | 20,950 | | 20,950 |
| 106686 | Utility Specialists Southwes | 20550 | 22,501 | | | | | 22,501 | | 22,501 |
| 106687 | Utility Conduit Systems | 20550 | 8,645 | | 8,645 | | | | | 8,645 |
| 106711 | Voss, Cook & Thel, LLP. | 20550 | 20,666 | | | | | 20,666 | | 20,666 |
| 106935 | BP Media Group dba SoftMrag | 20550 | (33,085) | | | | | (33,085) | 73,469 | 40,384 |
| 10161 | Superior Masonry, Inc. | 20550 | 185,639 | | | | | 185,639 | | 185,639 |
| 107346 | AEI-CASC Engineering, Inc. | 20550 | 1,116 | | | | | 1,116 | | 1,116 |
| 107420 | Fidelity National Title Co. | 20550 | (793) | | | | | (793) | | (793) |
| 107632 | Staples Business Advantage | 20550 | 6,240 | | | | 1,170 | 5,070 | | 6,240 |
| 106050 | BIA Riverside Sign Program | 20550 | 2,200 | | | | | 2,200 | | 2,200 |
| 100075 | Clear Channel Outdoor | 20550 | 244 | 244 | | | | | | 244 |
| 108169 | United Site Services of Cali | 20550 | 767 | | | | | 767 | | 767 |
| 108180 | Rodan Product Roddan Adv & | 20550 | 244 | | | | | 244 | | 244 |
| 108190 | Pacific States Engineering | 20550 | 76,867 | | | | | 76,867 | | 76,867 |
| 108787 | Arrowhead - 3565 | 20550 | 424 | | 424 | | | | | 424 |
| 109233 | HomeBuyers Guide - Irvine | 20550 | 31,030 | | | | | 31,030 | | 31,030 |
| 109574 | TNT Grading, Inc. | 20550 | 281,290 | | | | 233,761 | 47,529 | 2,376 | 283,667 |
| 109611 | Debby Cobb Consulting | 20550 | 2,918 | | | | | 2,918 | | 2,918 |
| 109883 | Genesis Construction | 20550 | 467,061 | | | | | 467,061 | | 467,061 |
| 109933 | Cushman & Wakefield of Calif | 20550 | 24,100 | | | | | 24,100 | | 24,100 |
| 110761 | Verizon - Mission Hills | 20550 | 492 | 492 | | | | 492 | | 492 |
| 110897 | Topline Concrete & Landscape | 20550 | 1,644 | | | | | 1,644 | | 1,644 |
| 111823 | Nisho of California, Inc. | 20550 | 269,951 | | | | | 269,951 | | 269,951 |
| 112219 | United Communities Network - | 20550 | 1,602 | | | | | 1,602 | | 1,602 |
| 112343 | Group Seven Landscape Dev, I | 20550 | 500,895 | | | | 80,675 | 200,614 | 100,093 | 600,988 |
| 112791 | Valley Chronicle, The | 20550 | 2,610 | | | | | 2,610 | | 2,610 |
| 112808 | American Fence & Security Co | 20550 | 778 | 20,989 | | | | 778 | | 778 |
| 113046 | Riverside-Corona Resource Co | 20550 | 44,100 | | | | | 44,100 | | 44,100 |
| 113180 | Southwestern Equipment LLC | 20550 | 133,878 | | | | 133,878 | 133,878 | 20,449 | 154,427 |
| 113335 | Jeff Carpenter Inc. | 20550 | 38,095 | | | 38,095 | | 38,095 | | 38,095 |
| 114052 | Pacific Erosion Control, Inc | 20550 | 49,967 | | | 49,967 | | 49,967 | | 49,967 |
| 114585 | UCS Trenching, Inc. | 20550 | 27,568 | | | | | 27,568 | 481 | 28,049 |
| 114591 | Skyview Imaging | 20550 | 525 | 525 | | | | 525 | | 525 |
| 115006 | Securities Security Services, | 20550 | 352 | | 352 | | | 352 | | 352 |
| 115733 | La Jolla Pacific of Californ | 20550 | 784 | | | | | 784 | | 784 |
| 115790 | Closson and closson, Inc. | 20550 | 26,871 | | | | | 26,871 | | 26,871 |
| 118074 | Inland Erosion Control Servi | 20550 | 12,685 | | | | | 12,685 | 1,409 | 14,094 |
| 118473 | Outdoor Sales, Inc. | 20550 | 32,854 | | | 8,384 | | 24,470 | | 32,854 |
| 118609 | Murrieta Development Co | 20550 | 2,914 | | | | | 2,914 | 324 | 3,237 |
| 119178 | Apogee Publications | 20550 | 2,500 | | | | | 2,500 | | 2,500 |
| 119690 | Stonewater Control Specia | 20550 | 2,750 | | 650 | | 1,100 | | | 2,750 |
| 120023 | Stormwater Compliance Specia | 20550 | | 400 | 600 | | | | | |
| | **LBREPL, SunCal McSweeney Farm** | 20550 | 5,085,591 | 97,896 | 88,038 | 432,960 | 327,174 | 4,139,523 | 762,388 | 5,847,579 |
| 10090 | SCC Acquisitions, Inc. | 20610 | 5,300 | | | | | 5,300 | | 5,300 |
| 10060 | SunCal Management, LLC | 20610 | 414,507 | (90,530) | 2,100 | 4,860 | 34 | 498,043 | | 414,507 |
| 105599 | 5th Gear, LLC. | 20610 | 27,682 | | | | | 27,682 | | 27,682 |
| 105726 | All American Asphalt | 20610 | 73,448 | | | 71,989 | 1,458 | | 8,161 | 81,609 |
| 105791 | Kynia, Carl | 20610 | 4,000 | | | | | 4,000 | | 4,000 |
| 105791 | Calimesa, City of | 20610 | 70,000 | | | | | 70,000 | | 70,000 |
| 105931 | Elite Bobcat Service, Inc. | 20610 | 17,123 | | | | | 17,123 | 1,903 | 19,025 |
| | **LBREPL, SunCal Summerwind Ran** | | | | | | | | | |

| Acct # | Creditor | GL | (1) | (2) | (3) | (4) | (5) | (6) | Total |
|---|---|---|---|---|---|---|---|---|---|
| 105993 | Glenn Lukos Associates, Inc. | 20610 | 16,462 | | | | | | 16,462 |
| 105999 | Goe & Forsythe, LLP | 20610 | 51,899 | | | | | | 51,899 |
| 106024 | Hall & Foreman, Inc. | 20610 | 2,148 | | | | | | 2,148 |
| 106036 | Heller Ehrman White & McAulif | 20610 | 8,769 | | | | | | 8,769 |
| 106051 | Hopkins & Carley - A Law Cor | 20610 | 4,865 | | | | | | 4,865 |
| 106059 | IB Reprographics | 20610 | 378 | | | | | | 378 |
| 106080 | Jackson, DeMarco, Tidus & Pe | 20610 | 59,900 | 114 | | 674 | 14 | | 59,900 |
| 106227 | M.Delivri & Associates, Inc. | 20610 | 3,509 | | | | | | 3,509 |
| 106252 | Merit Association Services, | 20610 | 6,452 | | | | | | 6,452 |
| 106310 | News Mirror | 20610 | 490 | | | | | | 490 |
| 106328 | OCB Reprographics, Inc. | 20610 | 63,503 | 7,834 | | | 251 | | 63,503 |
| 106354 | Pacific Sails Engineering In | 20610 | 157,394 | | | | | | 157,394 |
| 106379 | Paul Hastings Janofsky & Wal | 20610 | 857 | | | | | | 857 |
| 106551 | SoCal Pump & Wall Drilling I | 20610 | 14,794 | | | | | | 14,794 |
| 106561 | Southern California Pipeline | 20610 | 621,847 | | | | 8,550 | | 621,847 |
| 106626 | Weston/Mason Marketing | 20610 | 6,095 | | | | | | 6,095 |
| 106682 | Urban Crossroads - Irvine | 20610 | 19,027 | | | | | | 19,027 |
| 106686 | Utility Specialists Southwes | 20610 | 34,229 | | | | | | 34,229 |
| 106698 | Van Dyke, LLP | 20610 | 1,628 | | | | | | 1,628 |
| 106711 | Voss, Cook & Thel, LLP. | 20610 | 3,077 | | | | | | 3,077 |
| 106745 | Wiredhat Interactive | 20610 | 1,397 | 2,661 | | | | | 1,397 |
| 107161 | Superior Masonry, Inc. | 20610 | 205,508 | | | | | 57,811 | 263,319 |
| 107194 | Development Planning & Finan | 20610 | 3,750 | | 415 | | | | 3,750 |
| 107353 | T&B Planning Consultants | 20610 | 2,461 | | | | | | 2,461 |
| 107420 | Fidelity National Title Co. | 20610 | 591 | | | | | | 591 |
| 107996 | Charles E. Skaggs | 20610 | 7,478 | | | | | | 7,478 |
| 109107 | Southern California Gas Co. | 20610 | 901 | 901 | | | | | 901 |
| 109185 | Dust Control, Inc. | 20610 | 158,137 | | | | | 32,992 | 191,129 |
| 109344 | Stantec Consulting - Sacrame | 20610 | 33,285 | | | | | | 33,285 |
| 109852 | Cal West Underground, Inc. | 20610 | 32,079 | | | | | 3,564 | 35,643 |
| 109854 | William Hezmalhalch Architec | 20610 | 14,858 | | | | | | 14,858 |
| 109893 | Deeby Cobb Consulting | 20610 | 1,815 | | | | | | 1,815 |
| 109260 | Keith Comprhies, The - Inlan | 20610 | 57,725 | | | | | | 57,725 |
| 110261 | Urban Crossroads - Riverside | 20610 | 29,390 | | | | | | 29,390 |
| 110781 | Cushman & Wakefield of Calif | 20610 | 24,100 | | | | | | 24,100 |
| 111556 | Signs & Pinnick, Inc. | 20610 | 65,939 | | | | | | 65,939 |
| 111818 | Pacific Advanced Civil Engin | 20610 | 38,930 | | | | | | 38,930 |
| 112013 | Waterforce Inc. | 20610 | 18,440 | | | | | | 18,440 |
| 112329 | Robert F. Messinger, Law Off | 20610 | 2,129 | | | | | | 2,129 |
| 112787 | Van Dyke Landscape Architect | 20610 | 18,949 | | | | | | 18,949 |
| 113516 | Absolute Soil Control, Inc. | 20610 | 27,645 | | | | | 4,049 | 27,645 |
| 113568 | Stantec | 20610 | 587,700 | | | | | 784,850 | 1,372,549 |
| 114325 | TC Construction Company | 20610 | 30,257 | | | | | 8,124 | 38,381 |
| 114355 | Innovative Inclosures | 20610 | 153,223 | | 8,487 | | | | 153,223 |
| 114606 | Miller Baronless, LLP | 20610 | 1,250 | | | | | | 1,250 |
| 115006 | Skyview Imaging | 20610 | 190,635 | | | | | 21,182 | 211,817 |
| 117445 | Schilling Corporation | 20610 | 625 | | | | | | 625 |
| 118082 | Borthwick. Guy, Bettenhausen | 20610 | 11,340 | | | | | | 11,340 |
| 119715 | Douglas Bender & Associates, | 20610 | 880 | | | 850 | | | 880 |
| 119753 | Robert A. Bernheimer, Inc. | 20610 | 2,850 | | | | | | 2,850 |
| 120223 | Stormwater Compliance Specia | 20610 | 1,243 | | | | | | 1,243 |
| 120435 | Newton Manufacturing Company | 20610 | 1,291 | 650 | | | | | 1,291 |
| 121449 | Matthew L. Johnson & Assoc. | 20610 | | | | | | | |
| | **LBREP/L SunCal Summerwind Ran** | | **3,416,180** | **(78,370)** | **11,016** | **78,487** | **8,850** | **922,635** | **4,338,815** |

1

2

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

5

On October 15, 2008, I served the foregoing document(s) described as:

6

7

8

PETITIONING CREDITORS' EX PARTE MOTION FOR AN ORDER SETTING A HEARING ON SHORTENED NOTICE ON MOTION TO APPOINT INTERIM CHAPTER 11 TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL H. REISS

9

10

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

11

12

SEE ATTACHED SERVICE LIST

13

_____ (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail. Executed on October \_\_, 2008 at Los Angeles, California.

14

15

16

__X__ (By Federal Express/Overnight Mail) I caused such envelope to be delivered by Federal Express (or Express Mail), next business day delivery to the addressees on the attached list. Executed on October 15, 2008, at Los Angeles, California.

17

18

\_\_\_\_ (By Facsimile) I caused said document to be sent via facsimile to the offices of the addressees so designated on the attached list. Executed on October \_\_, 2008, at Los Angeles, California.

19

20

\_\_\_\_ (By E-mail) I caused such document to be delivered via email to the addressees so designated on the attached list. Executed on October \_\_, 2008, at Los Angeles, California.

21

22

\_\_\_\_ (By Personal service) I caused such envelope to be delivered by hand to the offices of the addressee so designated on the attached list. Executed on October \_\_, 2008 at Los Angeles, California.

23

24

__X__ (Federal) I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

25

26

John Berwick

27

28

In re LBREP/L-SunCal McAllister Ranch
LLC
USBC Case No. 8:08-bk-15637-ES

Debtor
LBREP/L-SunCal McAllister Ranch  LLC
2392 Morse Avenue
Irvine, CA 92614

Agent for Service of Process
Melvin T. Andrews
3500 West Olive Avenue, Suite 650
Burbank, CA 91505

U.S. Trustee - Santa Ana
Michael J. Hauser, Esq.
411 West Fourth Street, Suite 9041
Santa Ana, CA 92701-8000

Gramercy Warehouse Funding I LLC
Michael Nagin, Vice President
420 Lexington Avenue
New York, NY 10170

Petitioning Creditor
John D. Scripter dba Masonry Plus
c/o Steven Gibbs, Esq.
Law Office of Steven Gibbs
4540 California Avenue, Suite 330
Bakersfield, CA 93309

Petitioning Creditor
Klassen Corporation
c/o Daniel Clifford, Esq.
1430 Truxton Avenue, Suite 900
Bakersfield, CA 93301

Petitioning Creditor
Landscape Development, Inc.
c/o Adam J. Soibelman, Esq.
Stone/Rosenblatt/Cha PLC
21550 Oxnard Street, Main Plaza, Suite 200
Woodland Hills, CA 91367

Petitioning Creditor
Landscape Development, Inc.
Raoul Sanders
Director of Finance and Purchasing
24439 Whitaker Way
Murrieta, CA 92562

Scott C. Clarkson, Esq.
Clarkson, Gore & Marsella, APLC
3424 Carson Street, Suite 350
Torrance, CA 90503

Counsel for Lehman Commercial Paper
David R. Zaro, Esq.
Allen Matkins Leck Gamble Mallory & Natsis
515 South Figueroa Street, Ninth Floor
Los Angeles, CA 90071-3309

Counsel for Lehman Commercial Paper
George Davis, Esq./Andrew Troop, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281